# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CRIMINAL CASE NO. 2:14-cr-23-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DAVID CHADWICK CRISP | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Lift Stay of Sentence [Doc. 10], the Defendant's Motion to Stay Sentence pending appeal to the Fourth Circuit [Doc. 15], and the Defendant's motions to file out of time both his Stay Motion and Memorandum in support thereof. [Docs. 14; 16].

## PROCEDURAL BACKGROUND

The United States Attorney named the Defendant in an eighteen-count Amended Bill of Information charging him with various wildlife-related petty offenses. [Doc. 1]. Pursuant to a written Plea Agreement that contained post-conviction waivers, the Defendant entered pleas of guilty before the Magistrate Judge to the following six Counts of the Amended Information: Count 1(operating a boat at night without lights), Count 4 (hunting bear at night and during closed season), Count 5 (hunting deer at night), Count 6

(spotlighting deer), Count 8 (hunting without a license), and Count 9 (hunting deer during closed season). [2:13-cr-16, Doc. 150]. As a part of his plea agreement with the Government, the Defendant also agreed to plead guilty to a separate misdemeanor offense filed in case number 2:13cr16 which was set for sentencing before the Court on June 4, 2015. [Id.].

Following the Defendant's guilty pleas, Magistrate Judge Howell then sentenced the Defendant on the six petty offenses, imposing on: Count 1, a $100 penalty; Count 4, five months' imprisonment and an $800 fine; Count 5, five months' imprisonment and a $500 fine; Count 6, five months' imprisonment and an $800 fine; Count 8, five months' imprisonment and a $300 fine; Count 9, one year of probation to begin at the expiration of all terms of imprisonment and a $500 fine, with all of the terms of imprisonment to run consecutively (for a total term of imprisonment of 20 months). [Doc. 1-1]. The Magistrate Judge entered his Judgment on October 28, 2014. [Id.]. The Defendant timely filed his Notice of Appeal that same day. [Doc. 2]. On October 31, 2014, the Court entered an Order establishing a briefing schedule for the parties and staying the execution of the Defendant's sentence of imprisonment pending the appeal. [Doc. 4].

On appeal to this Court, the Defendant claimed various errors infected the convictions and sentences for only three of the six counts to which he

entered guilty pleas, those being Counts 4, 5, and 6 of the Amended Information. [Doc. 7]. After reviewing the briefs of the parties and the record below, the Court issued its Memorandum of Decision and Order dismissing the Defendant's appeal based upon the waivers contained in the Defendant's written Plea Agreement. [Doc. 9]. The Court dismissed the Defendant's appeal, however, only after it thoroughly analyzed the two issues the Defendant claimed fell outside the Plea Agreement's waiver provisions. [Id. at 7-14]. The Court ultimately concluded "that the issues raised by the Defendant in this appeal [fell] squarely within the scope of his appeal waiver." [Id. at 15]. The Court dismissed Defendant's appeal on May 7, 2015.

Following the Court's dismissal of the Defendant's appeal, the Government filed a motion seeking to lift the Order staying the execution of the Defendant's sentence of imprisonment. [Doc. 10]. The Court took no action on the Government's motion due to the Defendant's impending June 4, 2015, sentencing hearing on the separate misdemeanor offense filed in case number 2:13cr16. At the conclusion of that hearing, the Court directed the parties to brief the issue regarding the Defendant's release pending appeal. The parties having briefed the issue [Docs. 17; 18], this matter is ripe for the Court's determination.

**DISCUSSION**

The release or detention of a defendant pending appeal is governed by 18 U.S.C. § 3143(b)(1). That subsection requires a defendant be detained unless the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released pursuant to section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in --
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less that the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(A) & (B). In this matter, the Government concedes that the Defendant is not a flight risk or danger to any person or the community and, accordingly, the Court need not address § 3143(b)(1)(A) further. [Doc. 18 at 3-4]. The Government, however, offers several reasons why the Defendant has failed to carry his burden under § 3143(b)(1)(B), citing United States v. Steinhorn, 927 F.2d 195 (4th Cir. 1991). [Id. at 4].

In Steinhorn, the Fourth Circuit adopted the procedure for evaluating a defendant's claim for release pending appeal first announced in United States v. Miller, 753 F.2d 19 (3d Cir. 1985). Steinhorn, 927 F.2d at 196. If a

4

defendant satisfies the criteria set forth in § 3143(b)(1)(A), the judicial officer must next make two additional inquiries. "First, whether the question presented on appeal is a 'substantial' one. Second, if decided in favor of the accused, whether the substantial question is important enough to warrant reversal or a new trial on all counts for which the district court imprisoned the defendant." Steinhorn, 927 F.2d at 196, citing Miller, 753 F.2d at 23–24.

The Court need not consider whether the issues the Defendant raises on appeal are substantial because he has not appealed "all counts for which the district court imprisoned the defendant." As succinctly stated by the Third Circuit, "[o]bviously, if the question deemed substantial is not related to all of [the] counts [of conviction], then the statutory criteria for bail pending appeal would not be met as to the unaffected counts, and bail may be denied." Miller, 753 F.2d at 24. The Defendant has not appealed his conviction or sentence on Count 8. Even if the Defendant were to prevail on his arguments before the Fourth Circuit, the most he could achieve – from a punishment perspective – would be the vacatur of his sentences on Counts 4, 5, and 6; his five-month sentence on Count 8 would be unaffected. Accordingly, the Defendant is not entitled to be released pending appeal.

Lastly, the Defendant focuses his arguments on whether the issues he raises are substantial, but fails to address whether they are "*likely to result*

5

*in* … reversal … a new trial … [no] imprisonment, or a reduced sentence[.]" In order to prevail on appeal, the Defendant would have to demonstrate that he had not waived his appellate rights AND that his appellate arguments are of merit. The Defendant concedes that his arguments are novel – which they are. The Defendant does not even attempt, however, to argue that they are likely to win the day. Having failed to fulfill this other element of § 3143(b)(1)(B), Defendant's motion must be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Lift Stay of Sentence [Doc. 10] is **GRANTED** and the Defendant's Motion to Stay Sentence pending appeal to the Fourth Circuit [Doc. 15] is **DENIED**. The Defendant's motions to file out of time both his Stay Motion and Memorandum in support thereof [Docs. 14; 16] are **GRANTED** and the Defendant's Stay Motion and Memorandum are deemed timely filed.

**IT IS FURTHER ORDERED** that the Defendant shall report to the appropriate United States Bureau of Prisons facility, as directed by the United States Marshal's Service, to begin service of his term of imprisonment by July 23, 2015, or as sooner notified by the BOP or Marshal's Service.

**IT SO ORDERED.**

Signed: June 23, 2015

Martin Reidinger
United States District Judge